***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon review of the evidence modifies the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff at all relevant times.
3. American Home Assurance Company was the workers' compensation carrier on risk for defendant-employer at all relevant times.
4. Plaintiff's average weekly wage at the time of the injury was $457.38 per week, yielding a compensation rate of $304.92.
 ***********
Based on the foregoing stipulations and the evidence the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was twenty-seven years of age. She is married and has a high school diploma. After high school, plaintiff became certified as a nursing assistant, a teacher's assistant, in early child development, and in armed security.
2. At the time of the hearing before the deputy commissioner, plaintiff was still employed with defendant-employer Wal-Mart. Defendant-employer hired her on 25 October 2001 as a processor. Her duties included moving freight off of a forklift onto rollers, scanning items of freight and placing the items on a conveyor belt. Plaintiff lifted from five to approximately fifty to sixty pounds. Plaintiff's job description required her to be able to lift between ten and eighty pounds. Plaintiff worked four days per week from 4:00 p.m. to 2 or 2:30 a.m. She continued working in that position through June 2002.
3. On 18 June 2002, plaintiff picked up a box of weights and felt a pull in her abdomen and an ache in her back. Another employee helped her to place the box on a pallet. Plaintiff testified that the box weighed approximately fifty pounds. Plaintiff immediately went to the restroom and unexpectedly noticed bleeding. She did not know whether the blood was coming from her vagina or rectum. Plaintiff left the restroom and reported her injury to a manager, Shawn Brady. Plaintiff's supervisor, Jamie Taylor, took plaintiff to a medical facility, U.S. Healthworks. Jamie Taylor was aware that plaintiff had had previous surgery for hernia repair and gallbladder removal and a history of ovarian cysts.
4. When plaintiff presented to Dr. Joseph Chesky at U.S. Healthworks, she complained of stomach and back pains. She reported that she felt something pushing down on her vagina and rectum. She told them about the bleeding. Donald Whitman, a physician's assistant, testified that plaintiff's account during her testimony was consistent with her description of her symptoms when she came to U.S. Healthworks.
5. In a medical questionnaire given by Mr. Whitman on 18 June 2002, plaintiff stated that her symptoms began after lifting boxes. Donald Whitman gave plaintiff a note restricting her to light-duty work and directing her to return the next day for x-rays. On 19 June 2002, after reading the x-rays, Mr. Whitman returned plaintiff to work with the following restrictions: no lifting more than ten pounds from the floor to the waist or from the waist to the shoulder; no forceful pushing or pulling; no bending or stooping; no climbing ladders or working at heights; no driving or working on hazardous machinery; and limited overhead reaching and working.
6. When plaintiff returned to work the following day, she was assigned to sweeping and mopping the floor, taking out the trash and cleaning out the freight trucks. Plaintiff continued to experience pain and bleeding and reported her symptoms to her supervisor. Plaintiff returned to Dr. Chesky at U.S. Healthworks on 21 June 2002 after vomiting and passing out in the restroom at Wal-Mart. On 26 June 2002, Dr. Chesky examined plaintiff and found that her abdominal examination was completely benign.
7. Dr. Chesky discharged plaintiff and told her that her symptoms were not related to a lifting strain or a hernia. Plaintiff then presented to her primary physician on 24 June 2002, Dr. F. Andrew Morfesis, who had performed the hernia surgery on 5 February 2002. Dr. Morfesis ruled out ovarian cysts and hernia as the cause of plaintiff's pain and bleeding. He diagnosed plaintiff with anal fissures, which are related to heavy lifting, physical and psychological stress and are treated with fiber. He was of the opinion that plaintiff's lifting of the heavy box on 18 June 2002 caused her symptoms. Dr. Morfesis's opinion is given more weight than Dr. Chesky's opinion on the cause of plaintiff's injury.
8. After her hernia surgery in February 2002, plaintiff was not released to return to work until 2 April 2002, with light-duty work restrictions. However, plaintiff testified that defendant-employer did not allow plaintiff to return to work under light-duty. Plaintiff testified that she then returned to Dr. Morfesis and explained that she needed to return to work under no restrictions because her husband had been laid off and they had three small children. Dr. Morfesis changed the restrictions to allow plaintiff to return to work. She was working with no restrictions in May 2002 when her stomach began hurting again. Plaintiff asked to be moved from her position and was told by a manager that she needed a note from her doctor.
9. Plaintiff saw Dr. Morfesis in May 2002. He provided her with a note restricting her from lifting no more than twenty pounds for two years. However, a manager told plaintiff that there was no work for her under those restrictions. He advised her to either try to work in her current position, bid on an office job or take a leave of absence and draw unemployment benefits. Plaintiff bid on an office job and remained in her current position because she could not afford to be out of work.
10. Plaintiff experienced no bleeding between 2 April 2002 and 18 June 2002.
11. After her injury from lifting a heavy box on 18 June 2002, plaintiff took a leave of absence from work beginning on 25 June 2002. She is still considered an employee of defendant-employer. However, she received no wages or compensation while out on leave.
12. Dr. Morfesis released plaintiff from his care in August 2002.
13. On 16 January 2003, tests were run by Dr. Hall, who had performed a tubal ligation on plaintiff after the birth of her youngest child on 28 March 2001, to determine if plaintiff's bleeding was caused by something related to that surgery. On that date, Dr. Hall performed a diagnostic laparoscopy and lysis adhesions procedure on plaintiff to look at her abdomen and uterus. He was able to rule out any connection between plaintiff's pain and bleeding and her previous tubal ligation. At the time of the hearing before the deputy commissioner, Dr. Hall had written plaintiff out of work. On 30 January 2003, plaintiff reported to Dr. Hall that she felt good, the pain was gone, and she felt 100% better.
14. Plaintiff has applied for jobs in security, nursing and teaching fields.
15. On 18 June 2002, plaintiff sustained a compensable injury by accident arising out of and in the course and scope of her employment with defendant-employer.
16. As a direct and proximate result of plaintiff's 18 June 2002 compensable injury, plaintiff sustained anal fissures that caused abdominal pain.
17. As a direct and proximate result of plaintiff's compensable injury on 18 June 2002, plaintiff was unable to earn wages in her former employment or in or any other employment from 18 June 2002 through and including 31 August 2002.
18. Plaintiff is entitled to temporary total disability compensation for the period from 18 June 2002 to 31 August 2002. A determination of plaintiff's disability after 31 August 2002 should be reserved until plaintiff has had an opportunity at defendants' expense to obtain such medical treatment as is reasonably required to effect a cure, provide relief or lessen her disability.
19. As a direct and proximate result of plaintiff's compensable injury, plaintiff required medical treatment by U.S. Healthworks and Dr. Morfesis. Plaintiff's treatment by U.S. Healthworks and Dr. Morfesis was reasonably necessary to effect a cure, provide relief and lessen plaintiff's period of disability.
20. Plaintiff continues to have pain and is entitled to additional medical treatment for her compensable injury.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 18 June 2002, plaintiff sustained a compensable injury by accident arising out of and in the course and scope of her employment with defendant-employer when she unexpectedly developed anal fissures resulting in abdominal pain and bleeding due to lifting a heavy box at work. N.C. Gen. Stat. § 97-2(6) (2003).
2. As a direct and proximate result of plaintiff's compensable injury on 18 June 2002, plaintiff was unable to earn wages in her former employment or in or any other employment from 18 June 2002 through and including 31 August 2002. Plaintiff is entitled to temporary total disability compensation for the period from 18 June 2002 to 31 August 2002. N.C. Gen. Stat. § 97-29 (2003). A determination of plaintiff's disability after 31 August 2002 should be reserved until plaintiff has had an opportunity at defendants' expense to obtain such additional medical treatment as is reasonably required to determine the extent of her disability.
3. Plaintiff's average weekly wage at the time of the injury was $457.38 per week, yielding a compensation rate of $304.92. N.C. Gen. Stat. § 97-2(5) (2003).
4. As a direct and proximate result of plaintiff's compensable injury, plaintiff required medical treatment by U.S. Healthworks and Dr. Morfesis. Plaintiff's treatment by U.S. Healthworks and Dr. Morfesis was reasonably necessary to effect a cure, provide relief and lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25 (2003).
5. Plaintiff continues to have abdominal pain and is entitled to additional medical treatment for her compensable injury. Defendants are obligated to provide all medical treatment necessitated by plaintiff's injury. N.C. Gen. Stat. § 97-25.
6. Plaintiff's claim that she was physically disabled following 31 August 2002 to perform work with defendant-employer or was unable to obtain other work within her abilities is reserved for subsequent determination after defendants have provided reasonably necessary evaluation and treatment for plaintiff's injuries and additional evidence is presented on plaintiff's disability after 31 August 2002, if any. Either party may reopen the record to present evidence on plaintiff's disability, if any, after 31 August 2002.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $304.92 for the period from 18 June 2002 through and including 31 August 2002. This amount has accrued and shall be paid in a lump sum, subject to the attorney's fee awarded below.
2. Defendants shall pay plaintiff's attorney a reasonable attorney's fee in the amount of 25% of the compensation awarded to plaintiff. This fee shall be deducted from the amount owed plaintiff and paid directly to plaintiff's attorney.
3. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff arising from her compensable injury by accident when the bills have been submitted to them and approved according to procedures adopted by the Industrial Commission.
Defendants shall pay the costs due this Commission.
 *********** ORDER
It is ORDERED that either party may reopen the record in this case by the filing of a Form 33 to present evidence on plaintiff's disability, if any, after 31 August 2002.
This the ___ day of March 2004.
 S/__________________ BERNADINE S. BALANCE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER